**FILED**

**APR 1 9 2017**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 17-53(KBJ) |
| | ) | |
| vs. | ) | 52 U.S.C. §§ 30122 and 30109 |
| | ) | and 18 U.S.C. § 2 |
| ADAM H. VICTOR | ) | |
| | ) | |
| _____ | ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and Adam H. Victor (hereinafter the "defendant") enter into the following Plea Agreement:

### Charges, Statutory Penalties, Special Assessment, and Payment of Monetary Penalties

1. The defendant agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count Information to be filed in the United States District Court for the District of Columbia, a copy of which is attached hereto as "Plea Agreement Exhibit A." The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with Making Contributions in the Names of Others, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(D)(i), and Title 18, United States Code, Section 2.

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a. First, the defendant knowingly and willfully provided a thing of value to another person.

1

      b.      Second, the thing of value was provided for the purpose of causing the other person to make a campaign contribution in the other person's name.

      c.      Third, the campaign contribution was made to a candidate or candidate's authorized political committee with respect to an election for federal office being sought by the candidate.

3.     The defendant understands that pursuant to Title 52, United States Code, Section 30109(d)(1)(D)(i), Count One carries a maximum sentence of two years of imprisonment, a fine, or both. If a fine is imposed, pursuant to Title 52, United States Code, Section 30109(d)(1)(D)(ii), it shall be in an amount not less than 300 percent of the amount involved in the violation, and not more than the greater of either $50,000 or 1,000 percent of the amount involved in the violation. The defendant understands that, pursuant to 18 U.S.C. § 3583, Count One subjects the defendant to a maximum of 1 year of supervised release and that failure to comply with the conditions of supervised release may result in extension of supervised release, modification of the conditions of supervised release, and revocation of supervised release followed by up to an additional 1 year in prison.

4.     The defendant also understands that Count One of the Information requires the defendant to pay a $100 special assessment, pursuant to 18 U.S.C. § 3013.

5.     If the Court accepts the defendant's pleas of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis or for any conduct of the defendant now known to the Public Integrity Section and to the law enforcement

agents working with the Public Integrity Section on the present investigation. Nor is this agreement intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

6. The defendant agrees that the "Factual Basis for Plea," attached hereto as "Plea Agreement Exhibit B," fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty as well as other offenses. The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

7. The defendant is aware that the sentence will be imposed by the Court after considering the United States Sentencing Guidelines and related Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation conducted by the Court's probation office, which will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence, that the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and that such ultimate sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands

and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

8. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the Court, except as expressly provided in this Plea Agreement.

10. The "Factual Basis for Plea," attached hereto as "Plea Agreement Exhibit B," describes criminal conduct committed by the defendant. The parties stipulate and agree that the conduct described in the Factual Basis for Plea is the relevant conduct for calculating the defendant's Offense Level under the Sentencing Guidelines, including with respect to his Base Offense Level (calculated pursuant to § 2C1.8(a) of the Guidelines) and his Value of Illegal Transactions (calculated pursuant to §§ 2C1.8(b)(1) and 2B1.1(b)(1)(C) of the Guidelines). Nonetheless, the parties stipulate and agree that the following facts are accurate and that, while not part of the Relevant Conduct for purposes of calculating an appropriate sentence under the

4

Guidelines, the Government may ask the Court to take these facts into consideration when deciding what sentence to impose:

    a.    "Candidate B" was a candidate in two elections for one of West Virginia's seats in the United States Senate held in 2010 and 2011. "Committee B" was Candidate B's authorized campaign committee for that period. In addition to orchestrating the conduit contributions to Committee B in 2011 that are described in the Factual Basis for Plea, defendant also orchestrated other conduit contributions to Committee B earlier in the year 2011 and also during the year 2010.

    b.    More specifically, in March 2011, defendant solicited numerous immediate family members and colleagues to make contributions of $2,500 each to Committee B, representing that he would reimburse them in full for their contributions. On or about March 29, 2011, at defendant's solicitation and direction, three of his colleagues each transmitted one $5,000 check constituting two $2,500 contributions, for a total of six contributions of $2,500, to Committee B in their own names, for a total of $15,000. Defendant reimbursed each contributor for his or her contribution(s) using checks from a business bank account he controlled that defendant signed. On or about March 30, 2011, defendant personally transmitted a total of eight contributions of $2,500, in the form of four $5,000 checks which were then split by Committee B into eight contributions, in the names of his immediate family members using funds from a personal bank account he controlled, including personal checks that defendant signed, for a total of $20,000. Defendant did not reveal to Candidate B or Committee B that he was the true source of the $35,000.

   c. Additionally, on or about September 29, 2010, defendant personally transmitted a total of three contributions of $2,400 to Committee B in the names of his immediate family members using his own funds, for a total of $7,200. On or about September 29, 2010 and October 1, 2010, at defendant's solicitation and direction, eight of his colleagues each made contributions of $2,400 and one additional colleague made a contribution of $1,000, all to Committee B in their own names, for a total of $20,200. Defendant reimbursed each contributor for his or her contribution(s), and he issued and signed checks from a grantor trust account he controls to reimburse $4,800 of that total. Defendant did not reveal to Candidate B or Committee B that he was the true source of the $27,400.

   d. At the time defendant executed the conduit contributions schemes discussed in this paragraph and its subparagraphs in 2010 and 2011, defendant knew it was unlawful under federal law to make contributions in the names of others.

**Sentencing Guidelines Stipulations**

   11. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the <u>Guidelines Manual</u> dated November 1, 2015. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   a. <u>Offense Level under the Guidelines</u>

The United States and the defendant agree that the Offense Level is 10 based on the following:

6

      i.       Base Offense Level: 8 (§ 2C1.8(a))

      ii.      Value of Illegal Transactions: +4 (§§ 2C1.8(b)(1); 2B1.1(b)(1)(C))[1]

b.     <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

      i.       fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

      ii.      challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

      iii.     denies involvement in the offense;

---

[1] The "Factual Basis for Plea," attached hereto as "Plea Agreement Exhibit B," describes criminal conduct committed by the defendant with respect to certain contributions made to "Committee A," a campaign committee for a presidential candidate in 2011, and "Committee B," a campaign committee for a candidate in one of West Virginia's two seats in the United States Senate in 2011. Count One of the Information to which the defendant is agreeing to plead guilty only charges him in connection with the contributions made to Committee A and Committee B in 2011 that are described in the Factual Basis for Plea. Accordingly, the parties stipulate and agree that $17,500, the amount contributed to Committee A and Committee B in 2011 described in the Factual Basis for Plea and in the Information, is the appropriate amount for use in calculating the defendant's Offense Level under the Sentencing Guidelines, including with respect to his Base Offense Level (calculated pursuant to § 2C1.8(a) of the Guidelines) and his Value of Illegal Transactions (calculated pursuant to §§ 2C1.8(b)(1) and 2B1.1(b)(1)(C) of the Guidelines).

    iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

    v.    fails to give complete and accurate information about the defendant's financial status to the Probation Office;

    vi.    obstructs or attempts to obstruct justice, prior to sentencing;

    vii.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    viii.    fails to appear in court as required;

    ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

    x.    attempts to withdraw the plea of guilty.

In accordance with the above, the applicable Guidelines Offense Level is 10.

    c.    <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant has no criminal history. In accordance with the above, therefore, the defendant's Criminal History Category is I.

    d.    <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 6 to 12 months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level 10, the fine range according to the

8

Sentencing Guidelines is $4,000 to $40,000. The parties further agree, however, that pursuant to Title 52, United States Code, Section 30109(d)(1)(D)(ii), any fine must be at least 300 percent of the amount involved in the violation, or $52,500, and at most 1,000 percent of the amount involved in the violation, or $175,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

12.  The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a). The parties agree that the defendant may argue to the Court that a sentence within the Sentencing Guidelines Range would include a sentence, in whole or in part, involving probation, and that defendant would not violate the plea agreement by making such arguments.    In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law

9

and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

### Court Not Bound by the Plea Agreement

13. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Venue Waiver

14. The defendant waives any challenge to venue in the District of Columbia.

### Appeal Waiver

15. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

      a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

      b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

          i.      that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

          ii.      challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

          iii.      challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

          iv.      that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

16.      By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in paragraph 12 of this Plea Agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request

11

that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. The defendant's waiver of rights in paragraph 12 shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court to have retroactive effect.

### Waiver of FOIA and Privacy Act Rights

18. The defendant knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

### Release/Detention

19. The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, and will not oppose pre-trial release while awaiting sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

### Impact of Guilty Plea on Immigration Status

20. The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Pursuant to 8 U.S.C. § 1227, a broad range of crimes are removable offenses. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including the defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### Breach of Agreement

21. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in

anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

22. The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights arising under these rules.

23. The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

24. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

### Waiver of Statute of Limitations

25. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Non-Waiver of the Federal Election Commission's Civil Enforcement Authority

26. Nothing in this agreement waives or limits in any way the authority of the Federal Election Commission to seek civil penalties or other administrative remedies for violations of the Federal Election Campaign Act. Nothing in this Agreement will preclude defendant from asking the Court when deliberating on the amount of any fine to impose at sentencing to take into consideration amounts paid pursuant to any settlement with the Federal Election Commission (FEC) regarding the conduct at issue in this plea agreement, including crediting any amounts paid in satisfaction of any fine in this matter, or preclude the government from opposing any such arguments made by the defendant.

**Complete Agreement**

27. No agreements, promises, understandings, or representations have been made by the parties or their counsel—either orally, in writing, or by any other means—other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

28. The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind any other office or component of the United States Department of Justice, including the United States Attorneys' Offices, nor does it bind any state or local authorities. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

29. By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.

RAY HULSER
Chief
Public Integrity Section

By: _____ 4/19/17
TODD GEE
ANDREW LAING
Trial Attorneys
Public Integrity Section
1400 New York Ave. NW
Washington, DC 20005
(202) 514-1412

16

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 3/1/2017

Adam H. Victor
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: _MARCH 1, 2017_   _____
  Samuel Rosenthal
  Attorney for the Defendant