**FILED**

APR 1 9 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 17-53( KBJ ) |
| | ) | |
| v. | ) | **52 U.S.C. §§ 30122 and 30109** |
| | ) | **and 18 U.S.C. § 2** |
| **ADAM H. VICTOR** | ) | |
| | ) | |
| _____ | ) | |

## FACTUAL BASIS

If this case were to proceed to trial, the United States would prove the following facts.

## COUNT ONE

### Political Contributions in the Names of Others

The Federal Election Campaign Act of 1971, as amended, Title 52 U.S.C. §§ 30101, *et seq.* (formerly codified as Title 2 U.S.C. §§ 431, *et seq.* (2011)) (the "Election Act"), imposed financial limits on contributions for the election of candidates for federal office, including the Presidential election and election to the United States Senate, provided for the public disclosure of the financing of federal election campaigns, and prohibited any person from making any contribution in the name of another, including reimbursing a third person, before or after that third person's contribution, as inducement to make that contribution.

"Candidate A" was a candidate in the primary election for the Office of President of the United States in 2011. "Committee A" was Candidate A's authorized campaign committee for the presidential primary election campaign in 2011. "Candidate B" was a candidate in an election for one of West Virginia's two seats in the United States Senate in 2011. "Committee B" was Candidate B's authorized campaign committee for that period.

1

In and about November and December of 2011, defendant Adam H. Victor knowingly and willfully orchestrated a conduit contribution scheme in the District of Columbia and elsewhere by making contributions in the names of others to Committee A and Committee B, the authorized campaign committees for candidates for President of the United States and United States Senator, respectively, which conduit contributions aggregated $17,500 during the 2011 calendar year.

In November 2011, defendant solicited numerous immediate family members and colleagues to make contributions of $2,500 each to Committee A, representing that he would reimburse them in full for their contributions.  On or about November 9, 2011, at defendant's solicitation and direction, two of his colleagues each made one contribution of $2,500 to Committee A in their own names, for a total of $5,000.  Defendant reimbursed each contributor for his or her contribution(s), and he signed checks drawn on limited liability company bank accounts he controlled to reimburse the entire $5,000 total.  On or about November 9, 2011, defendant personally transmitted a total of four contributions of $2,500 to Committee A in the names of his immediate family members using his own funds, including personal checks that defendant signed, for a total of $10,000.  Defendant did not reveal to Candidate A or Committee A that he was the true source of the $15,000.

In December 2011, defendant solicited one colleague to make a contribution of $2,500 to Committee B, representing that he would reimburse the colleague in full for the colleague's contribution.  On or about December 19, 2011, at defendant's solicitation and direction, the colleague made a contribution of $2,500 to Committee B in the colleague's own name. Defendant reimbursed the colleague for the contribution by issuing and signing a check for $2,500 from one of defendant's limited liability company bank accounts on or about December 29, 2011.

2

Defendant did not reveal to Candidate B or Committee B that he was the true source of the $2,500.

At the time he executed the charged conduit contribution scheme in 2011, defendant knew it was unlawful under federal law to make contributions in the names of others.

Dated: _April 19_____, 2017.

Todd Gee
Andrew Laing
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice