# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ADAM H. VICTOR** | **Criminal No. 17-53**<br><br>Judge Ketanji Brown Jackson |

## SENTENCING MEMORANDUM

**I.  Preliminary Statement**

Conduit campaign contributions skirt the two primary means by which the federal government regulates the American campaign finance system: contribution limits and public disclosure. Attempts to illegally exceed campaign contribution limits set forth in the Federal Election Campaign Act ("FECA") and to hide contributions from public disclosure threaten the integrity of the system. As the Supreme Court recently emphasized, FECA's base campaign contribution limits "remain the primary means of regulating campaign contributions." *McCutcheon v. Fed. Election Comm'n*, 134 S. Ct. 1434, 1451 (2014). In 2011, defendant Adam H. Victor contributed $17,500 in the names of third parties to the authorized campaign committees for candidates for President of the United States and United States Senator, and in doing so he illegally hid his interest in, and impact on, those campaigns.

On April 19, 2017, the defendant pleaded guilty to an Information, which charged him with one count of making political contributions in the names of others, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(D)(i), and Title 18, United States Code, Section 2. Information, ECF No. 1.

As noted in the Presentence Investigation Report ("PSR"), the parties have agreed that the above-referenced $17,500 in contributions is the appropriate basis for this Court's Sentencing Guidelines calculation. PSR ¶ 10. Taking into account a two-level reduction for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1(a) and a Criminal History category of I, this results in an offense level of 10 and a Guidelines sentencing range of 6 to 12 months.  PSR ¶¶ 9-13.  Further, the fine range, which in this case is governed by 52 U.S.C. § 30109(d)(1)(D)(ii), is at least 300% of the amount involved in the violation, or $52,500, and at most 1,000% of the amount involved in the violation, or $175,000.  PSR ¶ 13.

For the following reasons and based on the Plea Agreement in this case, the United States respectfully submits that a sentence within the Guidelines range of 6 to 12 months, in addition to a fine within the statutory range of $52,500 to $175,000, is an appropriate sentence in this case.  *See* 52 U.S.C. § 30109(d)(1)(D)(iii) (providing for a sentence including imprisonment and a fine).  A sentence within this range is sufficient, but not greater than necessary, to reflect the seriousness of the offense, including the defendant's knowing circumvention of campaign finance laws, and to afford adequate deterrence to future criminal conduct.  *See* 18 U.S.C. § 3553(a).  Accordingly, the United States requests that this Court impose a sentence within the Guidelines range, as well as a fine within the statutory range.

**II.     Applicable Law**

In *United States v. Booker*, the Supreme Court rendered the Sentencing Guidelines advisory, thus limiting appellate review of sentencing decisions to whether they were "reasonable."  543 U.S. 220, 260 (2005).  Therefore, appellate courts review sentences "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38 (2007).  This standard is used regardless of whether the sentence imposed is inside or outside the Guidelines framework.  *See id*. at 50.

District courts "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008) (internal

quotation marks omitted). "Next, after hearing argument from the parties, the judge should consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party, and make an individualized assessment based on the facts presented." *Id.* (internal quotation marks omitted).

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7). In fashioning an appropriate sentence, this Court must consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), although it need not "specifically refer to *each* factor listed" there. *United States v. Simpson*, 430 F.3d 1177, 1186 (D.C. Cir. 2005).

### III. Discussion

The defendant orchestrated a conduit contribution scheme to illegally funnel money to candidates for President of the United States and United States Senator. Although the defendant knew that federal election laws limited his individual contributions in 2011, he knowingly and willfully circumvented those limits by recruiting colleagues and members of his immediate family to make contributions totaling $17,500 beyond his own individual limits. Further, the defendant carried out this scheme in part by reimbursing his conduit contributors with checks originating

from bank accounts ostensibly associated with LLCs that had no business illegally reimbursing conduit campaign contributions.  Finally, the defendant concealed the scheme, as the conduit contributors' contributions were reported under their own names, giving the false impression to the Federal Election Commission and to the public that the contributions were legitimate.  In short, the offense was planned, relatively complex, and harmful to the integrity and transparency of the federal election system.

The charged conduit contribution scheme also did not unfold on a blank slate.  As set forth in the Plea Agreement, the defendant contributed an additional $27,400 in 2010 and $35,000 in 2011 through immediate family members and colleagues to a candidate for United States Senator.  Plea Agreement at 4-6, ECF No. 3.  This uncharged conduct further underscores the willfulness of the charged conduit contributions and reflects negatively on the history and characteristics of the defendant.[1]

The defendant's offense was serious and it warrants a just punishment.  Using conduits to illegally funnel money to candidates for federal office and their campaigns undermines the integrity and transparency of the federal electoral system.  Conduit contributions, by their very nature, conceal the true source of campaign contributions and give the false impression that many people, rather than just one, have provided a given candidate with financial support.  The sentence imposed in this case should promote respect for the law and afford adequate deterrence.  These goals are particularly important in cases such as this for at least two reasons: first, FECA violations

---

[1] Although the parties agree that this conduct took place, they further agree under the Plea Agreement that these facts are "not part of the Relevant Conduct for purposes of calculating an appropriate sentence under the Guidelines."  Plea Agreement at 4-5, ECF No. 3; *cf. United States v. DeWitt*, 366 F.3d 667, 671 (8th Cir. 2004) ("Where the government stipulates to a drug quantity and a base offense level, it may not then initiate an effort at the sentencing hearing to obtain a greater sentence.").

are often necessarily concealed, as the true source of campaign contributions is obscured in public reports, and criminal conduct may thus be more difficult to detect and prosecute.  Second, criminal violations of FECA such as this one are *willful*—that is, committed with a knowing disregard of the law—which underscores the need to promote respect for the law and deter others who might be tempted to willfully violate it.

**WHEREFORE**, the United States respectfully requests that this Honorable Court sentence defendant Adam H. Victor in a manner that is consistent with the Government's position as set forth herein.

Respectfully submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

By: /s/ *Andrew Laing*
Todd Gee
Andrew Laing
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20005
(202) 514-1412
Andrew.Laing@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2018, I electronically filed a copy of the foregoing, and it is available for viewing and downloading from the ECF system.

                                            /s/ *Andrew Laing*
                                            Andrew Laing
                                            Trial Attorney